UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ROCCO GRASSO II,

  *Plaintiff,*

  *v.*

CITY OF WISCONSIN RAPIDS AND
TRAVIS PLOWMAN,

  *Defendants.*

Case No: 3:26-cv-486

---

**COMPLAINT**

---

Plaintiff Rocco Grasso II, by his lawyers, Strang Bradley, LLC, for his complaint against Defendants, states:

**INTRODUCTION**

1.     On two separate occasions, Officer Travis Plowman stopped Rocco Grasso for failing to stop at a stop sign. Both times, video shows the car came to a complete stop.

2.     The first time was on November 9, 2024. Grasso was driving his orange Chevy Cobalt. He signaled a right turn as he approached a stop sign, came to a complete stop, and turned right. Defendant Plowman unlawfully stopped the car.

3.     The second time was on January 5, 2025. This time, Grasso was a passenger in his Cobalt. The car approached a stop sign, stopped, and continued through the intersection. Defendant Plowman again unlawfully stopped the car.

4. After stopping the car for no reason on January 5, 2025, Defendant Plowman explained to another officer his claimed reason for the stop and said he recognized the car as Grasso's.

5. Despite learning that the car was properly registered, that the driver had a valid driver's license, and that no one in the car had an arrest warrant, Defendant Plowman ordered everyone out of the car and unlawfully frisked Grasso.

## JURISDICTION AND VENUE

6. Plaintiff brings this action under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

7. This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 and the state law claim for indemnification under 28 U.S.C. § 1367.

8. Defendant City of Wisconsin Rapids is a political subdivision of the State of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims occurred in this judicial district.

9. Venue within this judicial district is proper under 28 U.S.C. § 1391(b).

## PARTIES

10. Plaintiff Rocco Grasso II is a resident of the State of Wisconsin.

11. Defendant City of Wisconsin Rapids is a political subdivision of the State of Wisconsin and was the employer of individual Defendant Travis Plowman at the time of the occurrences giving rise to this lawsuit.

2

12. The City of Wisconsin Rapids is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment pursuant to WIS. STAT. § 895.46.

13. At all times relevant to the conduct complained of in this action, Travis Plowman was a City of Wisconsin Rapids Police Officer.

14. At all times that Defendant Plowman interacted with Plaintiff on November 9, 2024, and January 5, 2025, Plowman acted under color of state and local law.

15. At all times that Defendant Plowman interacted with Plaintiff on November 9, 2024, and January 5, 2025, Plowman acted within the scope of his employment with the Wisconsin Rapids Police Department.

## FACTS

16. On November 9, 2024, Defendant Plowman violated Plaintiff Grasso's rights by unlawfully seizing him.

17. That day, Grasso was driving his orange Chevrolet Cobalt northbound on Lincoln Street in Wisconsin Rapids.

18. Defendant Plowman was driving behind Grasso as they approached the stop sign at the intersection of Lincoln and Chestnut Streets.

19. Grasso signaled to turn right as he approached the stop sign.

20. Grasso's car came to a complete stop at the stop sign.

21. Grasso turned right onto Chestnut Street.

22.     After following Grasso for two blocks on Chestnut Street, Defendant Plowman turned on his overhead red and blue emergency lights.

23.     Grasso pulled to the curb and stopped his car.

24.     At the time of the stop, Defendant Plowman lacked reasonable suspicion to believe Grasso had committed, was committing, or was about to commit a traffic violation or crime.

25.     On January 5, 2025, Defendant Plowman saw Grasso's orange Chevrolet Cobalt again.

26.     This time, Defendant Plowman was sitting in his squad car, facing north on 6th Street in Wisconsin Rapids. From there, he could see the intersection of 6th and Dewey Streets.

27.     Defendant Plowman observed Grasso's car approach from the north and come to a complete stop at the stop sign before crossing Dewey Street. Grasso's car then drove by Defendant Plowman's squad car.

28.     Defendant Plowman turned south and caught up to Grasso's car in a nearby Kwik Trip parking lot.

29.     When the car parked, Defendant Plowman pulled behind it, initiating a traffic stop. He then approached the vehicle and learned that Grasso wasn't driving but was instead sitting in the passenger seat. Another person was in the backseat.

30.     About a minute after approaching the car, Plowman paused his interaction with the occupants of the car and used his radio to request a canine unit to the scene.

31.    While Plowman was speaking with the people in the car, another squad car arrived with its red and blue emergency lights activated. That squad car parked directly behind the orange Chevrolet Cobalt.

32.    Defendant Plowman did not have reasonable suspicion to believe a crime or traffic violation had been committed, was being committed, or was about to be committed.

33.    Back in his squad car, Defendant Plowman radioed dispatch information about the car, its driver, and the two other passengers.

34.    Defendant Plowman then spoke to another officer at his window, telling the other officer that the Cobalt ran a stop sign and that he recognized the car as Grasso's.

35.    Still in his squad car, Defendant Plowman learned that the car's registration was valid, the driver had a valid driver's license, and no one in the car had an outstanding warrant.

36.    Nonetheless, Defendant Plowman went back to the car and asked the driver to exit. He then patted down the driver but found no weapons or contraband.

37.    Then, Defendant Plowman ordered Grasso out of the car. Despite having no reasonable suspicion to believe he was armed and dangerous, Defendant Plowman performed a frisk search of Grasso.

38.    The frisk of Grasso occurred approximately 11 minutes after Plowman initially stopped the car. During that time, Plowman made no effort to write a citation for the driver's supposed failure to stop at the stop sign.

39. As a direct and proximate result of the acts of Defendant Plowman, as detailed above, Plaintiff suffered, *inter alia,* invasion of privacy, mental distress, humiliation, loss of liberty, and loss of reputation.

40. Defendant Plowman has, on multiple other occasions, involving other individuals, reported false justifications for traffic stops, which are contradicted by video evidence of the traffic stops.

**COUNT I:**
**42 U.S.C. § 1983 Claim for Unlawful Seizure**
**(November 9, 2024, Stop)**

41. Plaintiff realleges the above paragraphs.

42. Defendant Plowman seized Plaintiff Grasso without reasonable suspicion that Grasso had committed, was committing, or was about to commit a crime or traffic violation.

43. Defendant Plowman violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure and is thus liable under 42 U.S.C. § 1983.

44. As a direct and proximate result of Defendant Plowman's unlawful actions, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendant Plowman, and because he acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

**COUNT II:**
**42 U.S.C. § 1983 Claim for Unlawful Seizure**
**(January 5, 2025, Stop)**

45. Plaintiff realleges the above paragraphs.

46. Defendant Plowman seized Plaintiff Grasso without reasonable suspicion that Grasso, the driver of the vehicle, or the other passenger of the vehicle had committed, was committing, or was about to commit a crime or traffic violation.

47. Defendant Plowman violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure and is therefore liable under 42 U.S.C. § 1983.

48. As a direct and proximate result of Defendant Plowman's unlawful actions, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendant Plowman, and because he acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

**COUNT III:**
**42 U.S.C. § 1983 Claim for Illegal Seizure for Extending Traffic Stop**
**(January 5, 2025, Extension of Stop)**

49. Plaintiff realleges the above paragraphs.

50. Defendant Plowman unlawfully extended the seizure of Plaintiff Grasso by deviating from his original, albeit also unlawful, mission of issuing a simple traffic ticket to embark on a meandering fishing expedition that only concluded after Plowman illegally searched the occupants of the vehicle, including Plaintiff Grasso.

51. In doing so, Defendant Plowman violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendant Plowman, and because he acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT IV:
### 42 U.S.C. § 1983 Claim for Unlawful Search/Illegal Pat Down
### (January 5, 2025, Frisk)

52.     Plaintiff realleges the above paragraphs.

53.     Defendant Plowman searched Plaintiff Grasso by patting him down. Plaintiff did not consent and Plowman did not have reasonable suspicion to believe that Plaintiff was armed and dangerous.

54.     Defendant Plowman's search of Plaintiff without a warrant and without any other permissible lawful reason to do so violated Plaintiff's Fourth Amendment right to be free from unreasonable search, and therefore Plowman is liable under 42 U.S.C. § 1983.

55.     As a direct and proximate result of Defendant Plowman's unlawful actions, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendant Plowman, and because he acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT V:
### 42 U.S.C. § 1983 *Monell*[1] Claim Against Defendant City of Wisconsin Rapids

56.     Plaintiff realleges the above paragraphs.

57.     Defendant City of Wisconsin Rapids authorized, tolerated, ratified, permitted, or acquiesced in policies, practices, and customs, oral and written, pronounced, and de facto, including performing traffic stops without a valid legal basis to do so, which were objectively unreasonable, and which were also deliberately indifferent to Plaintiff's constitutional rights.

58.     Defendant City of Wisconsin Rapids failed to adequately train, discipline, and supervise its employees and maintained practices or processes pursuant to which individuals like Plaintiff were detained by the police without a valid legal basis.

59.     Defendant City of Wisconsin Rapids's policies, customs, practices, supervision of employees, or lack thereof, were a direct cause or moving force that caused the deprivation of Plaintiff's constitutional rights.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendant City of Wisconsin Rapids, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## COUNT VI:
### Indemnification Claim Against City of Wisconsin Rapids

60.     Plaintiff realleges the above paragraphs.

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

9

61. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable for acts within the scope of their employment.

62. At all times relevant to this action, Defendant Plowman was engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the City of Wisconsin Rapids.

WHEREFORE, Plaintiff asks this Court to find that the City of Wisconsin Rapids is liable to defend this action against Defendant Plowman and to satisfy any judgment entered against him, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 27 May 2026,

/s/ Jacob A. Idlas
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
Jacob A. Idlas
  Wisconsin Bar No. 1078457
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
Jack@StrangBradley.com

Counsel for Plaintiff